# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

XEROX CORPORATION,

                              Plaintiff,

                -vs-                        ORDER

MARKETING & PRINTING SOLUTIONS, INC.,       13-CV-6037-CJS
ANGEL GONZALEZ BENCON a/k/a ANGEL
GONZALEZ a/k/a ANGEL GONZALES, and WEB 2
PRINTING CORP.,

                              Defendants.

---

    **Siragusa, J.** This matter is before the Court on motion by co-defendant Angel González, acting *pro se* ("Gonzalez"), for an order staying this action, or, in the alternative, for an extension of time to answer.[1] Verified Motion to Request a Stay of the Proceedings or, in the Alternative, an Extension of Time to Answer or Otherwise Plead, Mar. 26, 2013, ECF No. 13. For the reasons stated below, Gonzalez's motion is granted in part and he is permitted 15 days from the date of the entry of this Order to answer the complaint.

    Gonzalez's main point is that one of the co-defendants in this lawsuit filed an action in the District Court of Puerto Rico on January 11, 2013, No. 13-1022 (DRD) and served Xerox Corporation ("Xerox") on February 8, 2013, thereby winning the "race to the courthouse." He relies on the first-to-file principle to argue that this lawsuit should be

---

[1] Gonzalez has also filed what he titled as a "Motion in Compliance with Order," Mar. 26, 2013, ECF No. 12. That motion simply asks the Court to consider the contemporaneously-filed motion for a stay or extension, ECF No. 12.

stayed pending the outcome of the Puerto Rico suit. Xerox responds to his argument by contending the rule is inapplicable here since the two lawsuits do not meet the requirement of the rule that they have substantial overlap and identical or substantially similar parties and claims.

The Puerto Rico action involves Marketing & Printing Solutions, Inc. ("MPS") and Xerox as the only parties. Gonzalez is the only one of the three defendants in this action seeking a stay, and is not a party to the Puerto Rico action. Further, neither of the corporations is represented in this action, and Gonzalez cannot, as a *pro se*, represent them. Therefore, the Court will analyze his request on the basis of his own situation, not the situation of the other two co-defendant corporations.

Gonzalez contends that Xerox could bring its claims against him in the Puerto Rico action by way of counter-claims. However, Xerox has not chosen to do so and is operating under a choice of venue provision in the contracts which it contends are the basis for the lawsuit. In the choice of venue provision, Xerox states that Gonzalez consented to jurisdiction and venue in the Western District of New York. Further, as Xerox points out in its memorandum in opposition, "Xerox's claims against Mr. Gonzalez are based on a personal Guaranty that is not even addressed in the Puerto Rico Action." Xerox Mem. of Law at 5, Apr. 29, 2013, ECF No. 15.

The Court is persuaded that the first-in-time rule is not applicable to Gonzalez's case and, consequently, denies his application for a stay. Gonzalez has 15 days from the date of this Memorandum and Order to file an answer or otherwise respond to the complaint.

IT IS SO ORDERED.

Dated: September 6, 2013
       Rochester, New York

                ENTER.    /s/ Charles J. Siragusa
                                  CHARLES J. SIRAGUSA
                                  United States District Judge